863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Minerva HENSON (Widow of Howard Henson), Petitioner,
v.
BENEFITS REVIEW BOARD; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 88-3057.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before LIVELY, DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the petitioner from an order of the Benefits Review Board (BRB) holding that she is not entitled to black lung benefits as the widow of Howard Henson, a miner who died in 1980. The parties having waived oral argument, the case was submitted to the court on the record and briefs.
 
 
 2
 Although the evidence of Mr. Henson's coal mine employment was sketchy, the administrative law judge (ALJ) gave him credit for eleven and one-fourth years of such employment, making the petitioner, as his widow, eligible to invoke a presumption that the miner had pneumoconiosis which arose out of coal mine employment, was totally disabled and that either his disability or death was due to pneumoconiosis. See 20 C.F.R. Sec. 727.203(a). This regulation has four subsections listing different criteria for invoking the presumption. It cannot be argued that the petitioner produced evidence sufficient to invoke the presumption under any of the first three subsections of Sec. 727.203(a); therefore, the only question is whether the ALJ and the BRB committed error in finding that the petitioner failed to produce evidence that invoked the presumption under Sec. 272.203(a)(4). Subsection 4 provides: "A totally disabling respiratory or pulmonary impairment is established by the documented opinion of a physician exercising reasoned medical judgment."
 
 
 3
 The issue on appeal is whether the decision of the BRB upholding a decision of the ALJ is supported by substantial evidence. After careful examination of the entire record and consideration of the arguments presented in the briefs of the parties, this court concludes that the decision is supported by substantial evidence. The miner's treating physician wrote in a report: "From the time I first saw Mr. Henson until his death, he was completely and totally disabled secondary to his renal and cardiovascular disease. Death was not due to pneumoconiosis or other respirable disease." There is no evidence to the contrary nor is there any medical evidence which establishes that the miner was ever disabled due to pneumoconiosis.
 
 
 4
 The petition for review is denied, and the decision of the BRB is affirmed.